UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| NIDHIN CREATIONS, INC., *ET AL.*, | § | |
| *Plaintiffs,* | § | |
| v. | § | Civil Action H-04-2533 |
| | § | |
| DEPARTMENT OF HOMELAND SECURITY, | § | |
| *ET AL.*, | § | |
| *Defendants.* | § | |

## OPINION ON SUMMARY JUDGMENT

This dispute over the extension of a visa is before the court on Nidhin Creations, Inc. and Dias D. Karumaliparambil's motion for summary judgment (Dkt. 20), and the motion for summary judgment of defendants, Department of Homeland Security, Eduardo Aguirre, Director, United States Citizenship and Immigration Services, and Evelyn Upchurch, Director, Texas Service Center (Dkt. 22).  The court has considered the parties' submissions and all matters of record and concludes that plaintiffs' motion should be denied and defendants' motion should be granted.

## I.   BACKGROUND

Nidhin Creations, Inc. is a Texas corporation organized in 1998.  Nidhin Creations, Inc. is owned 50% by Karumaliparambil and 50% by K.P. Geetha, a citizen of India.  K.P. Geetha also owns 100% of a sole proprietorship in India, Nidhin Creations (India).  Karumaliparambil is the sole board member of Nidhin Creations, Inc., as well as its chairman, director, president, secretary and treasurer.

In July 1999, the INS granted Karumaliparambil a one year nonimmigrant visa as an intracompany transferee, known as an L-1A visa, to start Nidhin Creations, Inc. in the United States.  In July 2000, Nidhin Creations, Inc. filed a petition to extend Karumaliparambil's L-1A visa to allow him to continue to work for Nidhin Creations, Inc. in the United States.  At that time, Karumaliparambil was still the only employee of Nidhin Creations, Inc.

The Texas Service Center denied the request for an extension on December 29, 2000. Nidhin Creations, Inc. filed an appeal with the Administrative Appeals Office (AAO).  The AAO incorrectly withdrew the appeal and plaintiff filed suit in federal court.  After an agreed remand, the AAO considered the merits of the appeal.[1]  On February 10, 2005, the AAO dismissed the appeal as untimely.  The AAO further held that Karumaliparambil did not meet the requirements for an extension of his L-1A visa because the evidence did not show that Karumaliparambil was employed primarily in an executive or managerial capacity, nor was there evidence of a qualifying relationship between Nidhin Creations, Inc. and Nidhin Creations (India).  This appeal followed.

## II.   ANALYSIS

This court reviews the decision of the AAO to determine whether it was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C.

---

[1]   Plaintiffs object that the AAO's decision to reject the appeal as untimely violates the defendants' agreement, reflected in the parties' joint motion in this case (Dkt. 4), that the AAO would "review on the merits the decision of the Texas Service Center." This objection is unfounded.  The AAO expressly acknowledged the parties' agreement in this court and accordingly analyzed the merits of plaintiffs' petition. Defendants have not asked this court to affirm the AAO's decision on the grounds that the appeal was untimely.

§ 706(2)(A); *National Hand Tool Corp. v. Pasquarell*, 889 F.2d 1474, 1475 (5th Cir. 1989). Review under this standard is narrow and the court will not substitute its own judgment for that of the AAO. *Louisiana Environmental Action Network v. EPA*, 382 F.3d 575, 582 (5th Cir. 2004). The scope of the court's inquiry is limited to determining "whether the agency action bears a rational relationship to the statutory purposes and [whether there is] substantial evidence in the record to support it." *Id.*

The Immigration and Nationality Act (INA) § 101(a)(15)(L) provides for visas for an international executive or manager who:

1) in the three years preceding the alien's application for classification and admission into the United States, has been employed for at least one year by a firm, corporation, other legal entity, affiliate or subsidiary thereof;

2) seeks to enter the United States temporarily to continue to render services to the same employer or to a subsidiary or affiliate thereof; and

3) will render such services in a capacity that is managerial or executive.

8 U.S.C. §1101(a)(15)(L).

If the employee is coming to the United States to open a new office, the petitioner must also submit evidence that sufficient premises for the new office have been secured and that the employee has been employed for one continuous year in the three year period prior to filing the petition as a manager or executive and is expected to perform a managerial or executive function in the new office. 8 C.F.R. §214.2(l)(3)(v). In order to receive a one year

3

extension of an L-1A visa based on a new office, petitioner must submit the following evidence:

(A)     evidence that the United States and foreign entities are still qualifying organizations as defined in 8 C.F.R. § 214.2(l)(1)(ii)(G);

(B)     evidence that the Unites States entity has been doing business as defined in 8 C.F.R. § 214.2(l)(1)(ii)(H) for the previous year;

(C)     a statement of the duties performed by the beneficiary for the previous year and the duties the beneficiary will perform under the extended petition;

(D)     a description of the staffing of the new operation, including the number of employees and types of positions held accompanied by evidence of the wages paid to employees when the beneficiary will employed in a managerial or executive capacity; and

(E)     evidence of the financial status of the United States operation.

8 C.F.R. § 214.2(l)(14)(ii).   The petitioner bears the burden to establish that these requirements are met.  8 U.S.C. § 1361.

Defendants contend that Nidhin Creations, Inc. is not a "subsidiary or affiliate" of Nidhin Creations (India), and thus he does not meet the second requirement of § 101(a)(15)(L), or the extension requirement of 8 C.F.R. § 214.2(l)(14)(ii)(A).  In addition, defendants contend that the record does not establish that Karumaliparambil is employed primarily as an executive or manager and thus the third requirement of § 101(a)(15)(L) is not satisfied.

In order to establish a qualifying relationship between a United States entity and a foreign entity, the organizations must meet exactly the requirements specified in the

definitions of a parent, branch, affiliate or subsidiary contained in the regulations. 8 C.F.R. § 214.2(l)(1)(ii)(G). Plaintiffs contends Nidhin Creations, Inc. and Nidhin Creations (India) are affiliates.

"Affiliate" is defined by the regulations, in relevant part, as:

(1)     One of two subsidiaries both of which are owned and controlled by the same parent or individual, or

(2)     One of two legal entities owned and controlled by the same group of individuals, each individual owning and controlling approximately the same share or proportion of each entity . . ..

8 C.F.R. 214.2(1)(l)(ii)(L). "The term 'control' means the direct or indirect legal right and authority to direct the establishment, management, and operations of an entity. *Matter of Church Scientology International*, 19 I&N Dec. at 595."[2] Plaintiffs argue that in reaching the conclusion that the two entities were not affiliates, the AAO erred in equating actual control with the right to control. Plaintiffs argue that by virtue of his 50% ownership Geetha has a right to control the company even though he has not exercised that right. However, the record establishes that Karumaliparambil is the sole board member, sole officer, and sole employee of Nidhin Creations, Inc. It is clear from the record that Karumaliparambil had both actual control and the legal right to control the company.[3] Plaintiffs cite no evidence

---

[2]     Record, at 21.

[3]     Plaintiffs argue that pursuant to 8 C.F.R. § 103.2(b)(8) the AAO was required to request evidence that Geetha controlled Nidhin Creations. Section 103.2(b)(8) states: "[W]here there is no evidence of ineligibility, and initial evidence or eligibility information is missing or the Service finds that the evidence submitted either does not fully establish eligibility for the
(continued...)

5

or legal authority supporting the proposition that Geetha's 50% ownership in a Texas corporation gave him the right to control the company.[4]

In any event, plaintiffs focus on the requirement of control and ignore the requirement of common ownership necessary to qualify as affiliates.  Karumaliparambil does not have any ownership interest in Nidhin Creations (India).  Thus, Nidhin Creations and Nidhin Creations (India) are not "owned and controlled" by the same group of individuals.

The AAO did not abuse its discretion in holding that a qualifying relationship does not exist between Nidhin Creations, Inc. and Nidhin Creations (India).  Because the continued existence of a qualifying relationship between the United States and a foreign entity is a requirement for extension of an L-1A intracompany transferee visa, the AAO did not abuse its discretion in denying the extension request.

The lack of a qualifying relationship disposes of this case.  The court further finds that the AAO's ruling that plaintiffs did not meet their burden to establish that Karumaliparambil was acting primarily in an executive or managerial capacity is not arbitrary and capricious.

---

[3]     (...continued)
        requested benefit or raises underlying questions regarding eligibility, the Service shall request
        the missing initial evidence."  Here, the record contains evidence of ineligibility, thus no
        request for additional information on the issue of control was required.

[4]     For the same reason, Nidhin Creations, Inc. is not a subsidiary of Nidhin Creations (India).
        A "subsidiary" is defined by 8 C.F.R. 214.2(l)(l)(ii)(K) as:
                a firm, corporation, or other legal entity of which a parent owns, directly or
                indirectly, more than half of the entity and controls the entity; or owns,
                directly  or indirectly, 50 percent of a 50-50 joint venture and has equal
                control and veto power over the entity; or owns, directly or indirectly, less
                than half of the entity, but in fact controls the entity.

6

Plaintiffs argue (1) that evidence that Karumaliparambil was acting primarily in an executive or managerial capacity is not required by 8 C.F.R. § 214.2(l)(14)(ii), the regulation governing extension of L-1 status; and (2) just because Karumaliparambil was the only employee does not mean that he did not perform significant executive and managerial functions, and in fact means that he performed 100% of the executive and managerial functions.

As to the first argument, defendants respond that the regulations governing extensions, 8 C.F.R. § 214.2(l)(14)(ii), must be read in conjunction with the regulations governing an initial petition, 8 C.F.R. § 214.2(l)(3)(v).  It would be nonsensical, defendants argue, to require proof of the employee's primarily executive and managerial capacity in order to grant an L-1 visa, but not require such evidence in order to extend the L-1 visa.  This reasonable regulatory interpretation is supported by the fact that § 214.2(l)(14)(ii)(C) requires submission of a statement of the beneficiary's duties, presumably so the AAO can determine the capacity in which he is employed.  The court defers to the agency's interpretation of the regulation where the plain language of the regulation does not compel a different result. *Louisiana Environmental Action Network v. EPA*, 382 F.3d 575, 582 (5th Cir. 2004).  The AAO did not err in requiring proof that Karumaliparambil was primarily engaged in a managerial or executive capacity.

While there is evidence in the record that Karumaliparambil did perform executive and managerial duties, the evidence does not establish that he *primarily* performed such duties.  As the company's only employee, Karumaliparambil necessarily also engaged in

performing operations functions such as ordering, selling, billing and shipping.  Plaintiffs argue that this ruling unfairly disfavors small businesses.  The AAO did not rule that a small business, even one with only one employee such as Nidhin Creations, Inc., could never meet the requirements for an L-1 visa.  Instead, , the AAO considered the "reasonable needs of the organization" in addition to its size, as required by 8 U.S.C. § 1101(a)(44)(C).  In this case, the record does not establish that despite Karumaliparambil's status as the sole employee of Nidhin Creations, Inc., he was able to meet the needs of the company while primarily engaging in management or executive functions.  In fact, nothing in the record allocates Karumaliparambil's activities according to the amount of time they demanded.[5]

Plaintiffs' expert, Michael Goodfriend, stated in a report dated October 11, 2004 that Karumaliparambil's duties, as described in petitioner's submissions to the AAO, "are clearly

---

[5]   Plaintiffs also argue that the AAO erred in requiring proof that Karumaliparambil worked primarily as a manager *and* executive, instead of as a manager *or* executive.  The AAO ruled that because the petitioner was relying on the regulatory definitions of both "executive" and "manager," it was required to meet all of the requirements for each and could not prevail based on a hybrid of the two.   It was petitioner who made the choice to argue that Karumaliparambil was both a manager and an executive, it was not the AAO that imposed this requirement.  In any event, the AAO's decision is clearly that petitioner did not meet its burden to show that Karumaliparambil was a manager *or* an executive:

> Whether the beneficiary is a managerial or executive employee turns on whether the petitioner has sustained its burden of proving that his duties are 'primarily' managerial or executive.  *See* sections 101(a)(44)(A) and (B) of the Act.  Here, the petitioner fails to document what proportion of the beneficiary's duties would be managerial or executive functions and what proportion would be operational or administrative in nature.

Record, at 18.

those of a company President." Goodfriend further stated that because it was possible to run the business with contract employees, it was his opinion that "Karumaliparambil will be primarily engaged in the duties of a President, given the current organization of the company." Record, at 152. Because the issue before the AAO was whether Karumaliparambil qualified for an extension of his visa as of July 2000, Goodfriend's 2004 opinion is not relevant and the AAO did not err in declining to adopt it.

The AAO's decision regarding Karumaliparambil's employment is supported by substantial evidence in the record. *See Wright v. United States Dep't of Agriculture*, 164 F.3d 267, 268-69 (5th Cir. 1999).

III. **CONCLUSION AND ORDER**

For the reasons discussed above, it is hereby

ORDERED that plaintiffs' motion for summary judgment (Dkt. 20) is denied, and defendants' motion for summary judgment (Dkt. 22) is granted. It is further

ORDERED that plaintiffs' claims in this case are dismissed with prejudice. The court will issue a separate final judgment.

Signed at Houston, Texas on May 3, 2006.

Stephen Wm Smith
United States Magistrate Judge

9